UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER:_____

**09-23372**

TIE QIAN

PLAINTIFF

**CIV - HUCK**

VS

MAGISTRATE JUDGE
O'SULLIVAN



ERIC, K. SHINSEKI, SECRETARY,

DEPARTMENT OF VETERANS AFFAIRS

DEFENDANT

## COMPLAINT

I, TIE QIAN, plaintiff, in the above styled cause, sues defendant; ERIC, K. SHINSEKI, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS.

This action is filed under the Civil Right Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.*

I am a physician double board certificated in Physical Medicine & Rehabilitation and also Spinal Cord injury Medicine. I worked full time at Miami VA Medical Center for over six years from July 2001 to September 2007. I published two articles in the Journal of Spinal Cord in 2005 and 2006. In 2006, the VA system started evaluating physicians for their performance and rewarding the outstanding VA physicians with performance pay. I was the only physician in SCI service who received full performance pay for the year 2006 for my high quality of patient care and academic achievement.

In 2006, I was asked to do risky clinical research involving non-VA subjects without appropriate protection. I refused and my work at the VA was made very difficult since then. My medical records were reviewed behind my back. Finally, my hospital privileges were revoked on

Page | 1

9-14-07 and my employment was terminated on 9-28-07. The loss of hospital privileges was reported to National Practitioner Data Bank on July 1st, 2008 for "(1) Copying and pasting in progress notes of patient electronic medical records". Coping and pasting is a common practice at the VA and is done by other physicians as well including Chief of SCI service Dr. Alberto Martinez-Arizala. "(2) Failure to appropriately follow-up on abnormal lab values; (3) Failure to adequately document physical examinations and physical findings; and (4) An apparent falsification of a medical record in at least one instance" which were all not true. I have never caused any harm or injury to any of my patients. Miami VA failed to follow appropriate procedure and broke the Law which clearly stated in "The Medical Staff Bylaws & Rules and Regulation 2007" and "VHA DIRECTIVE 2004-054". The entire review process was misled by Chief of SCI service Dr. Alberto Martinez-Arizala. My hospital privileges were revoked before I was provided with any of the evidence or documentation upon which the decision was based. I was never given a chance to express myself to the review team. Medical Center Acting Director made his decision based on biased information without any of my input. It was a direct violation of my due process rights guaranteed to me in the Constitution as a federal employee.

> (a). According to the VHA DIRECTIVE 2004-054, page 9, line 11, *"concerns about quality management issues from members of leadership or service and/or department chiefs may be requested when specifically related to the provision of patient care by a provider under the charge of the executive. Each facility **must** establish a process for initiation of peer review based on executive concerns."* VHA DIRECTIVE 2004-054, page 11, line 7 states *"Inviting the provider whose care is under review by the Peer Review Committee (only Level 2 and Level 3) to submit written comments on issues raised during the review process and to provide additional substantive documentation if a Level 2 or Level 3 is assigned following the initial review. When a Level 2 or Level 3 has been determined, providers **must** also be allowed, if they choose, to appear before the Peer Review Committee before a final committee decision is reached. The responsible Peer Review Committee official **must** fully document discussion held with a provider.* In my case, I was never given a fair peer review process. In the letter dated 5/9/07 by Dr. Martinez-Arizala, it states "4. In order to monitor your progress monthly chart review audits will be conducted and I will meet monthly with you to go over the results." This never happened. I was never invited to the review process to submit written comments on issues raised during the review process and never had a chance to appear before the Peer Review Committee before a final committee decision was reached. My requests to be part of the review process were denied. This is a direct violation of VHA DIRECTIVE.
>
> (b). The Medical Staff Bylaws & Rules and Regulation 2007, page 23, line 10, states *"d. The practitioner will be allowed to review all evidence not restricted by regulation or statute upon which proposed changes are based. Following that review, the practitioner may respond in writing to the Chief of Staff's written notice of intent. The practitioner must submit a response within ten (10) workdays of the COS's written notice. If requested by the practitioner, the Chief of Staff may grant an extension for a brief period, normally not to exceed ten (10) workdays, except in extraordinary circumstances."*

Page | 2

I received the Chief of Staff's written notice of intent signed by Dr. Vara and Mr. Magalian on June 1, 2007. From June to August, I contacted the COS office multiple times and sent an e-mail to Dr. Vara on August 16, 2007 to request "all evidence not restricted by regulation or statute upon which proposed changes are based", but I was denied. I was not allowed to review any evidence upon which proposed charges are based before final decision was reached. It was not until my clinical privileges were revoked on Friday September 14, 2007, I was told that "You will be allowed to review all evidence not restricted by regulation or statute upon which proposed changes are based. If you wish to submit a response to the revocation of privileges, it must be sent to the Chief of Staff within ten (10) working days of receipt of this notice." However, when I requested to review all evidence on Monday September 17, I was once more delayed, despite the very brief time afforded me to review the evidence and submit a response. Not until September 21, 2007, I was provided a package with only partial evidences inside. After that, my employment was terminated on September 28, 2007. Another package of evidence was mailed to me on October 10, 2007, after my employment was terminated. BEFORE the final decision was reached, I was not provided with any evidence upon which proposed charges are based. According to the Medical Staff Bylaws & Rules and Regulation", I should be allowed to review all evidence and submit a response within ten (10) workdays of the COS's written notice and receipt of all evidences, not after the Medical Director's written decision. This is a direct violation of the Medical Staff Bylaws & Rules and Regulation.

(c). The Medical Staff Bylaws & Rules and Regulation 2007, page 23, line 17, states "*e. Information from the special PSB's findings and recommendation will be forwarded to the Medical Executive Council for a final recommendation. The MEC recommendation and all subsequent information will be forwarded to the Medical Center Director for a decision. The director will make a decision on the basis of the record. If the practitioner disagrees with the Director's decision, a hearing may be requested. The practitioner must submit a request for a hearing within five (5) workdays after receipt of the decision.*"
Special PSB/MEC made their recommendations before I was allowed to review all the evidence and make my response. The Medical Director's decision was made on September 12, 2007, based on misleading information, and without any of my explanation. This is a direct violation of the Medical Staff Bylaws & Rules and Regulation.

(d). The Medical Staff Bylaws & Rules and Regulation 2007, page 23, line 25, states "*f. If a hearing is requested, the Medical Director will appoint a review panel of three professionals, within five (5) workdays to conduct a review and hearing. At least two members of the panel will be members of the same profession as the practitioner. This review panel hearing will be the only hearing process conducted in connection with the reduction of privileges; any other review process will be conducted on the basis of the record. g. During such hearing the practitioner has the right to be present throughout evidentiary proceedings, to be represented by counsel or other representative of practitioner's choice and to cross-examine witnesses. h. The panel will complete its review and submit its report within fifteen (15) workdays. Additional time may be*

*allowed by the Director for extraordinary circumstances or cause. The panel's report, including findings and recommendations, will be forward to the Director who has authority to accept, reject, accept in part or modify the review panel's recommendation. i. The Director will issue a written decision within ten (10) workdays of the date of receipt of the panel's report. If the practitioner's privileges are reduced or revoked, the written decision will indicate the reason(s) for reduction. The Director will determine whether the reduction or revocation of privileges warrants disciplinary action or not. The signature of the Director constitutes a final action and the reduction or revocation is reportable to the NPDB."*

The Director signed his written decision to revoke my privileges on September 14, 2007 before a hearing process and panel review. The director also determined that the revocation warranted disciplinary action, which is termination of my employment, before a hearing process and panel review. Both are direct violations of the Medical Staff Bylaws & Rules and Regulation.

Wherefore, the Miami VA failed to follow legal procedure under "The Medical Staff Bylaws & Rules and Regulation 2007" and "VHA DIRECTIVE 2004-054". Even the VA representative admits that "the revocation of his privileges was not technically correct". The fact is that the Miami VA broke the Law at so many different levels during the process which has caused severe damage to my career, my health and my family. Therefore, I am looking for justice. I am demanding a jury trial in the civil court. Leadership at Miami VA Medical Center shall be hold responsible for mistakes they made. I am demanding reinstatement, full back pay, restoration of all benefits and be made whole.

Signed this _____3rd_____ day of _____November_____, 2009

Tie Qian, MD

_____
Signature

Phone Number: 954-746-4980
Facsimile Number: 954-746-4981
Address: 2516 Montclaire Cir, Weston, Fl 33327

Page | 4

## Certificate of Service

I HEREBY CETIFY that a true and correct copy of the foregoing CIVIL LAWSUIT UNITED STATES DISTRICT COURT SOUTH DISTRICT OF FLORIDA was sent to the following address in the manner shown below on __11-03-09__.

*Via certificated mail*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

400 North Miami Ave, 8th Floor North

Miami, Fl 33128


By:

_____

Tie Qian, MD

Complainant

The Complaint and Summons are sent to the following address in the manner shown below on _____.

*Via certificated mail*

**Eric, K. Shinseki, Secretary**

**Department of Veterans Affairs**

**810 Vermont Ave. NW**

**Washington, DC 20420**


**Eric Holder, Attorney General**

**Department of Justice/Office of the Attorney General**

**950 Pennsylvania Ave, NW**

**Washington, DC 20530**


**Jeffrey Sloman/US Attorney**

**99 NE 4th St**

**Miami, FL 33132**


**Stephen McCormack/Staff Attorney**

**Miami VA Medical Center**

**Miami, FL 33125**


By:


_____

Tie Qian, MD/Complainant

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**09-23372**

### I. (a) PLAINTIFFS
Qian, Tie

CIV - HUCK

### DEFENDANTS
Department of Veterans Affairs
Shinseki, Eric, Secretary

(b) County of Residence of First Listed Plaintiff: **Broward**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Miami, Dade**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

MAGISTRATE JUDGE O'SULLIVAN

(c) Attorney's (Firm Name, Address, and Telephone Number)

Venue: Miami-Dade

Attorneys (If Known)

FILED by AJS D.C.
INTAKE
NOV - 4 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

09-CV-23372-Huck/O'Sullivan

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☒ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 2000e st seq.
Brief description of cause:
Unlawful revocation of hospital privileges and unlawful termination of employment

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Reinstatement, Full Back pay
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 11-3-09
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # Pending  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____