UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER:        09-CIV-23372-HUCK/O'SULLIVAN

TIE QIAN

PLAINTIFF

VS

ERIC, K. SHINSEKI, SECRETARY,

DEPARTMENT OF VETERANS AFFAIRS

DEFENDANT

## MOTION FOR DFAULT JUDGMENT

I, Tie Qian, Plaintiff, requests the court to enter a default judgment. In support of this request, plaintiff states as follows:

1. The Complaint in the above described case was filed on the 4th day of November, 2009.
2. Summons and Complaint in this case was received in defendants' office on the 3rd day of December, 2009 (Attachment).
3. The defendants, Jeffrey Sloman, U.S. Attorney/Karin Wherry, Assistant U.S. Attorney have not timely filed an answer or other responsive pleading to the Complaint (60 days for a federal agency or individual acting in an official federal government capacity).

The Plaintiff requests the court to enter judgment for the following demanding: reinstatement, full back pay, restoration of all benefits and be made whole.

I, Tie Qian, upon my oath or affirmation do solemnly declare or affirm that this motion contains a complete, accurate statement of the facts to the best of my knowledge. I understand that if I make a material misstatement of fact, I may be prosecuted and punished for perjury.

_____
Signature of Plaintiff

Feb 3, 2010

## Certificate of Service

I HEREBY CETIFY that a true and correct copy of the foregoing **MOTION FOR DFAULT JUDGMENT** was sent to the following address in the manner shown below on ____Feb 3, 2010____.

*Via certificated mail*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

400 North Miami Ave, 8th Floor North

Miami, Fl 33128


By:

_____

Tie Qian, MD

Complainant

The **MOTION FOR DFAULT JUDGMENT** is sent to the following address in the manner shown below on ~~Feb 3, 2010~~.

*Via certificated mail*

**Eric, K. Shinseki, Secretary**

**Department of Veterans Affairs**

810 Vermont Ave. NW

Washington, DC 20420


**Eric Holder, Attorney General**

**Department of Justice/Office of the Attorney General**

950 Pennsylvania Ave, NW

Washington, DC 20530


**Jeffrey Sloman/US Attorney**

99 NE 4th St

**Miami, FL 33132**


By:

_[signature]_

Tie Qian, MD/Complainant



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

---

99 N.E. 4th Street, Suite 310
Miami, FL 33132
Tel. No. (305) 961-9310
Fax No. (305) 530-7139

January 22, 2010

Tie Qian
2516 Montclaire Cir.
Weston, FL 33327

      RE: <u>Tie Qian v. Eric K. Shinseki, Secretary Department of Veterans Affairs</u>
           Case No. 09-23372-civ-Huck

Dear Dr. Qian,

    Consistent with our discussion, enclosed is a signed Waiver of Service of Summons, whereby the defendant agrees to waive the necessity of your personal service and will accept your service by certified mail. Since our Civil Division Chief has advised that the complaint and summons was received in our office on December 3, 2009, this date is now reflected in the Waiver.

                                  Very truly yours,

                                    JEFFREY H. SLOMAN
                                  UNITED STATES ATTORNEY

                      By: *[signature]*
                          Karin D. Wherry
                          Assistant U.S. Attorney
                          Tel. No: (305) 961-9016

Enclosure

ATTACHMENT / EXHIBIT \_\_\_

## WAIVER OF SERVICE OF SUMMONS

Case Number: 09-23372

TO: Tie Qian

I, Jeffrey Sloman (DEFENDANT NAME), acknowledge receipt of your request that I waive service of summons in the action of Unlawful revocation of hospital privileges and termination of employment (CAPTION OF ACTION) which is case number 09-23372 (DOCKET NUMBER) in the United States District Court for the Southern District of Florida.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 12-3-09 (DATE REQUEST WAS SENT) or within 90 days after that date if the request was sent outside the United States.

1-22-10 (DATE)

(SIGNATURE)

Printed/Typed Name: Karin D. Wherry

As Assistant U.S. Attorney (TITLE) of United States (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

