UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-23372-CV-HUCK/O'SULLIVAN

TIE QIAN

    PLAINTIFF,

v.

ERIC K. SHINSEKI, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS,

    DEFENDANT.
_____/

## ORDER

This cause is before the Court *sua sponte* following a review of the record. On March 8, 2010 *pro se* Plaintiff Tie Qian filed a notice of appeal (Doc. 17) and a response to Defendant's notice of clarification (Doc. 16), in which Plaintiff requests permission to appeal the Court's order of February 3, 2010, granting Defendant's motion for an enlargement of time to answer the complaint (Doc. 10). After granting Defendant a three day extension to answer Plaintiff's complaint, the Defendant answered the complaint within the time provided by the Court. Plaintiff filed a motion for a default judgment, which the Court denied because the answer was timely filed in light of the three day extension (Doc. 12).

Non-final orders of a federal district court may be appealed under 28 U.S.C. § 1292(b) if the district court certifies in writing that an order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." If a district court so certifies, the Court of Appeals has discretion to permit the appeal to be taken. *Id.*

District courts have broad discretion over pre-trial schedules and the management of their

own docket. *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1243 (11th Cir. 2001); *United States v. McCutcheon*, 86 F.3d 187, 190 (11th Cir. 1996). In exercising their discretion, district courts routinely grant motions for extensions of time. Moreover, an order granting a three day extension of time to answer a complaint, and subsequently denying a motion for default in light of the extension, does not implicate a controlling question of law as to which there is substantial ground for difference of opinion.

Accordingly, the Court construes Plaintiff's request to file an interlocutory appeal as a motion for the Court to certify this case for an interlocutory appeal. Because neither of the Court's orders (granting Defendant's motion for an extension of time or denying Plaintiff's motion for a default judgment) satisfy the criteria set forth in 28 U.S.C. § 1292(b), Plaintiff's motion is denied.

DONE AND ORDERED in Chambers, at Miami, Florida, March 12, 2010.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record

Tie Qian
2516 Montclaire Cir
Weston, FL 33327
954-746-4980
Fax: 954-746-4981
PRO SE