# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-23372-CV-HUCK

TIE QIAN,                          )
                                   )
            Plaintiff,             )
                                   )
Vs.                                )
                                   )
ERIC K. SHINSEKI, SECRETARY,       )
DEPARTMENT OF VETERANS AFFAIRS,)
                                   )
            Defendant.             )
                                   )


            99 NE 4th Street
            Miami, Florida
            June 17, 2010
            10:10 - 4:00 p.m.


       DEPOSITION OF TIE QIAN, M.D.


       Taken before Suzanne Fernandez, Notary

Public in and for the State of Florida at

Large, pursuant to Notice of Taking Deposition

filed in the above cause.

            - - - - - - -

# CERTIFIED COPY

```
 1        APPEARANCES:

 2

          ON BEHALF OF THE PLAINTIFF:
 3
              (Pro Se)
 4

 5
          ON BEHALF OF THE DEFENDANT:
 6
              WILFREDO A. FERRER,
 7            UNITED STATES ATTORNEY
              99 N.E. 4th Street
 8            Suite 300
              Miami, Florida  33132
 9            BY:  KARIN D. WHERRY, Esq.

10
          Also Present:  JERRY GILADO
11

12

13                    - - - - - - -

14                    I N D E X
          Witness:   Tie Qian
15
                          Direct   Cross
16        By Ms. Wherry        3

17

18

19

20

21

22

23

24

25
```

1      they didn't follow anything.

2           Q.   Before we go through the final agency

3      decision, which I think goes through these

4      numbers of allegations, I marked them as best

5      I could one through nine, but before we do

6      that, and I had a few questions along the way.

7      I want to look at the complaint that you

8      filed.

9           You know, a person has to set up a

10     sort of statute or regulation in order to open

11     the door to the courthouse and justify, giving

12     venue and jurisdiction to the court to file

13     your claim.  You or anybody else.  And you

14     cited the Civil Rights Act, basically Title

15     VII here.  And as I read your complaint, I

16     saw, as you have indicated now, a reliance

17     primarily upon the fact that there are these

18     various directives and regulations, bylaws,

19     that were not followed.  But I didn't see a

20     specific reference or justification to premise

21     your suit on Title VII, discrimination.   I

22     didn't see that.

23          A.   Discrimination.

24          Q.   Yes, that's the Civil Rights Act.

25          So is it basically your claim that,

1    as you have indicated, procedural, they just

2    didn't follow their regulations?

3         A.   Right.

4         Q.   And nothing else?

5         A.   Nothing else, right.

6         Q.   Okay.

7         A.   I went, as you know, you're aware, I

8    went to the EEOC because, you know, I didn't

9    feel I was treated fairly because there were

10   other physicians that were not Chinese,

11   they're white, in two account in Miami VA in

12   the past couple years, their hospital

13   privileges were also suspended, but VA did

14   follow the procedure.  They give the hearing,

15   they give -- to them, not me.  That's why I

16   felt I wasn't treated fairly.

17        Q.   Disparate treatment?

18        A.   Right.

19        Q.   Disparate treatment?

20        A.   Unfortunately, EEOC, after

21   interrogation, everything, I couldn't prove

22   solely because they made decision because I

23   was Chinese.  It's impossible to prove that.

24   I was fully aware of that as well.  As I said,

25   I tried to follow the procedures.  Right after

```
 1                  I had special interest in the spinal
 2         cord injury field, and that's the first --
 3         that's why I joined the spinal cord service in
 4         the first place, you know, in 2001, right
 5         after my residency.  I was doing -- I think
 6         that may or may not have caused some sort of,
 7         you know, either professional jealousy, I
 8         don't know.  But, unfortunately, that came
 9         down to this, you know, I lose my hospital
10         privilege.
11              Q.   Because, as I look at it, I have
12         done, over a period of time, employment
13         discrimination cases and I have looked at the
14         law and I didn't see readily evident that
15         there was any kind of racial discrimination
16         because you are Chinese, and I was wondering,
17         'cause I have to look at the proof, you know,
18         what proof do they have.
19                  Just like you conceded and also the
20         EEO found there was not evidence of that.  But
21         I also look to see if there are ways to
22         resolve something as well.
23              A.   Sure.
24              Q.   And I'm trying to marry what I know
25         the law requires, which is proof, we need
```

1    evidence, and if there is not evidence, out

2    goes the case.

3         A.   Right, right.

4         Q.   But I'd like to see if there is a way

5    to resolve something, like I said.

6              So, is there any basis upon which you

7    have to establish that there was any kind of

8    discrimination, anything at all, that you have

9    to hang your hat on and say here it is?

10        A.   No, I couldn't.  Nowadays nobody is

11   going to say I fired because he was Chinese.

12   There is no smoking gun, so to speak.  There

13   is nothing like that I could hand to you, no.

14   That's why, you know, although that's the

15   procedure I have to go through, the EEOC, I

16   went to the interrogations and everything, and

17   I also -- you get all the informations from

18   them.  No, I couldn't prove.  I could not

19   prove, you know, they fired me because of the

20   Chinese, because it's impossible to prove.

21        Q.   Okay.  Is there any other form of

22   discrimination that you feel that you could

23   prove or that there is evidence to establish?

24        A.   No, I couldn't prove discrimination

25   because isn't such a smoking gun, as I said.

```
 1              Q.   So we are really focusing on the fact

 2         that the VA did not follow the procedure.

 3         It's a procedural challenge that you make,

 4         basically?

 5              A.   Exactly, right.  Regardless what the

 6         EEOC conclusion is, the procedure, I, you

 7         know, went through Miami VA, that was wrong.

 8         It's pretty clear that I can prove to you.

 9         And I think you can prove yourself, if you

10         went through your information.  Even the

11         attorney represent the VA, during the EEOC

12         investigations, her name is also Karen as

13         well.

14              Q.   Not with an I.

15              A.   I'm not so sure.  Anyway.

16              Q.   What's her name?  Karen, what's her

17         last name?

18              A.   Karen Mulcahy.

19              Q.   She is the agency counsel.  I spoke

20         to her.  She's with an E.

21              A.   Even she states in one of her

22         statements Miami VA didn't follow --

23         technically follow the procedures.  She

24         admitted.  And no matter where you go, what

25         court you go, fact is fact.  You didn't -- I
```