# Exhibit 2

## TIE QIAN V. ERIC K. SHINSEKI, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS

## CASE NO. 09-23372-CV-HUCK/O'SULLIVAN

## DECLARATION OF FERNANDO M. LAMBERTY

I, Fernando M. Lamberty, am employed as a Human Resources Specialist at the Department of Veterans Affairs, Miami VA Healthcare System. I assumed this position in New York and then transferred to the Miami Veterans Healthcare System in 1987. Since October, 2009, I have been the Acting Supervisor of the Employee Relations/Labor Relations Section of the Human Resources Management Service. In my position, I am responsible for, among other duties, reviewing and determining any disciplinary actions of all employees at the Miami VA Healthcare System. Disciplinary actions may range from a written admonishment to removal.

I am also familiar with the various types of appointments and the appropriate corresponding disciplinary procedures that must be followed.

1. In my capacity as a senior Human Resources Specialist, I have had the opportunity to review the Official Personnel Folder (OPF) of Tie Qian, M.D., a former employee at the Department of Veterans Affairs, Miami VA Healthcare System.

2. Dr. Qian commenced his employment at the Department of Veterans Affairs, Miami, on July 1, 2001 as a physician with an excepted appointment in the Spinal Cord Injury Service. An excepted appointment is a special hiring authority which allows agencies to use a streamlined

hiring process rather than hiring through the traditional competitive process. This allows agencies to help meet an unusual or special hiring need or to hire in highly needed or hard-to-recruit positions, like physicians.

3. Dr. Qian was employed in a temporary appointment status throughout his term at the Department of Veterans Affairs under 38 U.S.C. Section 7405 (A) (1). On July 1, 2001, Dr. Qian was employed for a term not to exceed June 30, 2004. Thereafter, on June 30, 2004, his employment was extended for a term not to exceed June 30, 2005. On June 30, 2005, Dr. Qian's employment was extended for a term not to exceed June 30, 2006. On June 30, 2006, Dr. Qian's employment was extended for a term not to exceed June 30, 2009. His employment was terminated on September 28, 2007.

4. The Department of Veterans Affairs employs individuals in a temporary status in response to the temporary needs of the service. At no time was Dr. Qian a permanent employee at the Department of Veterans Affairs. A temporary employee serves at the pleasure of the Director of the Department of Veterans Affairs facility, and may be terminated at any time. A temporary employee has no entitlement to be converted to a permanent appointment.

5. Consistent with 38 U.S.C. Section 7405 (A)(1), the Department of Veterans Affairs Handbook 5021 Part VI, ¶¶ a and c provide that review of the involuntary separation does not apply to a temporary employee. Accordingly, by Memorandum dated September 14, 2007, Larry Brinkman,

Chief, Human Resources Management Service, advised Tie Qian, M.D. that his employment was terminated effective September 28, 2007, based upon the results of a Management Review Team that concluded that he engaged in a pattern of unacceptable clinical practice and professional conduct not remedied despite repeated episodes of formal counseling.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 26th day of July, 2010.

Fernando M. Lamberty
//s//