UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23372-CV-HUCK

TIE QIAN

    PLAINTIFF,

v.

ERIC K. SHINSEKI, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS,

    DEFENDANT.
_____/

**DEFENDANT'S REPLY TO THE PLAINTIFF'S
RESPONSE TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The defendant, Eric K. Shinseki, Secretary Department of Veterans Affairs, by and through the undersigned Assistant United States Attorney, hereby files his reply to the plaintiff's response to the defendant's motion for summary judgment.[1] The defendant submits the following:

    I.    THE PLAINTIFF HAS NOT ESTABLISHED DISCRIMINATION
           OR A PROCEDURAL DUE PROCESS VIOLATION

The plaintiff's response contains nothing to overcome the defendant's motion for summary judgment. By his own admission, the plaintiff does not have evidence to establish unlawful discrimination under Title VII. Rather, the plaintiff asserts that he was denied procedural due process because the Veterans Administration (VA) allegedly did not follow its procedures to afford him a hearing before revoking his hospital privileges.

---

[1] Defendant's motion for summary judgment was filed on July 26, 2010. Pursuant to Local Rule 7.1(c)(1)(A), the plaintiff's response was due to be filed on or before August 12, 2010. Plaintiff's response is dated August 17 and was filed and post marked August 18.

As set forth in the defendant's motion for summary judgment, the plaintiff was not denied due process. As an "at will" employee, the plaintiff had no property interest in his job. Davis v. Mobile Consortium of CETA, 857 F.2d 737, 741 (11th Cir. 1988); see also, Blanton v. Griel, 758 F.2d 1540, 1543 (11th Cir. 1985) ("a state employee who may be discharged at will under state law does not have a property interest in his continued employment and is not entitled to the protection of due process").

To the extent that the plaintiff had a property interest in his medical staff privileges, the Veterans Administration provided procedural due process protections that were adequate under the Constitution. Although following the plaintiff's termination date, the VA received and considered the plaintiffs' supplemental written response dated November 6, 2007, and held a hearing before the Review Panel for the Termination of Privilege on February 22, 2008 before it reported the plaintiff to the National Practitioner Data Bank. The plaintiff appeared at the February 22, 2008 hearing with his counsel to present evidence and argument in opposition to revocation of his privileges. Regardless, "the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation under section 1983 arise." McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994)(en banc). No evidence exists to establish that an additional hearing would result in a different ruling. "Procedural due process does not guarantee a particular result." Schiavo ex rel Schindler v. Schiavo, 403 F.3d 1289, 1295 (11th Cir. 2005).

## II.  PEER REVIEW DOES NOT APPLY TO DISCIPLINARY ACTIONS

Plaintiff erroneously argues that he was entitled to a "peer review" as presented in the plaintiff's Exhibit 6, styled <u>Peer Review for Quality Management</u>, VHA Directive 2004-054. By its own terms, the purpose of the peer review is to provide a procedure for the institution to evaluate the quality management of care provided by an individual provider in the VHA health care facilities. <u>VHA Directive 2004-054,</u> **1 Purpose**. Accordingly, the terms "quality management," "quality improvement," and "quality assurance" are used interchangeably. <u>Id.</u> Consistent with the express intent of the peer review process is recognition that "the Directive is intended to complement other Directives that address areas of quality management as patient safety improvement." <u>VHA Directive 2004-054,</u> **2 Background** b .

Peer review is defined to include critical reviews of an episode of care performed by a peer and/or group of peers. <u>VHA Directive 2004-054,</u> **2 Background** g Definitions   Peer reviews for quality improvement cannot be used to take personnel actions such as reassignment, changes in privileges, and demotions. <u>Id</u>. Peer review is "intended to promote confidential and systematic processes that contribute to quality improvement efforts at the individual provider level, within a non-punitive context." <u>VHA Directive 2004-054,</u> **2 Background** c. In addition, the VHA Directive provides that "protected peer review done for quality improvement and/or resource utilization purposes will foster a responsive environment where issues are identified and acted upon proactively and in ways that continually contribute to the best possible outcomes and strong organizational performance."  <u>Id</u>.

Contrary to plaintiff's assertions, the peer review process does not apply to a review of an employee for disciplinary consideration. The defendant did not employ the peer review process for

3

review of plaintiff's disciplinary action because it was not applicable. Rather, the defendant assembled three separate boards/panels to evaluate the plaintiff's clinical practice and professional conduct at the VA. A final hearing was held on February 22, 2008. Plaintiff's allegation that he was denied procedural due process is without merit.

### III. PLAINTIFF HAD AMPLE OPPORTUNITY TO EVALUATE EVIDENCE AND RESPOND

Although the law establishes that the plaintiff has no entitlement to the procedural due process he seeks as set forth above, the plaintiff asserts that the defendant did not provide him with the full complement of evidence to allow him to respond. In the plaintiff's exhibit 10, he attaches an a sundry of e-mail communication in or about September, 2007 between the plaintiff, his counsel and VA management employees, including Larry Brinkman, then Chief of Human Resources. In the e-mail messages, the plaintiff seeks the complement of documentation; the defendant expressed the intent to provide it; and the plaintiff requested the time to review it and the opportunity to supplement his response in opposition to revocation of his privileges. Plaintiff suggests that the VA delayed to his detriment and leads one to wonder whether plaintiff received the requested information and whether he had the opportunity to respond.

In response to the plaintiff's argument in his response, the defendant provides a copy of plaintiff's letter dated November 7, 2007, to Paul D. Magalian, Acting Director, Miami VA Medical Center advising that he received the additional medical records and was now supplementing his two previous letters (Ex. 1). The plaintiff sent his November 7, 2007 to the VA by e-mail and fax (Ex. 2). Plaintiff had the opportunity to respond before the hearing on February 22, 2008.

### III.  DEFENDANT RESPONDED TO PLAINTIFF'S INITIAL  DISCOVERY; PLAINTIFF'S SECOND REQUEST WAS UNTIMELY SERVED AFTER THE  EXPIRATION OF THE DISCOVERY TERM

On June 23, 2010, the defendant received the plaintiff's initial discovery.  On July 23, 2010, the defendant posted his response to the Plaintiff's Initial Discovery.  The plaintiff sought "all the facts upon which Dr. Vara/Chief of Staff Miami VA allege that 'there are two other cases that physicians at Miami VA had their privileges suspended in the past two years."   In response, the defendant advised that Dr. Vara did not recall making the statement.  In a subsequent e-mail, the plaintiff explained the time of the communication. In an e-mail message dated July 28, 2010, the undersigned counsel advised plaintiff she had forwarded his explanation to agency counsel and to Dr. Vara.  Further, the undersigned added  that to the extent that there were any VA employees responsive to his inquiry, their identities, personnel files and consideration of any disciplinary actions would be protected from production by the Privacy Act, 5 U.S.C. 552a.  The undersigned provided the means by which the parties may comply with the Privacy Act.

The defendant did not receive any further response from the plaintiff until Friday, August 13, 2010, when he left a voice mail message seeking only a return call, followed by an e-mail advising that he wanted to set a hearing with the Magistrate Judge to address a discovery dispute. The undersigned responded on Monday, August 16, 2010 that she would be available during the first appointed time plaintiff presented.  A hearing is now scheduled for August 31, 2010.  Pursuant to the court's Discovery Procedure for Magistrate Judge John J. O'Sullivan, if a discovery dispute arises, the moving party must seek relief within fifteen (15) days after the occurrence of the grounds for relief.  As the defendant's response to plaintiff's initial discovery was dated July 23, 2010, the time for seeking a hearing expired on August 10, 2010.

5

Plaintiff's Second Discovery request is dated July 31, 2010 with the defendant's response due August 31, 2010. Pursuant to the court's order entered June 15, 2010 setting the trial term to commence on September 27, 2010, discovery expired on August 9, 2010. In the letter, the undersigned explained that this meant that service of discovery had to be advanced so that the responses would be due before the expiration of the discovery term. See Northern Indiana Public Service Co. v. Colorado Westmoreland, Inc., 112 F.R.LD. 423 (N.D. Ind. 1986) and Lira v. Arrow Air, Inc., 2007 WL 188164 (S.D.Fla). A copy of the Lira decision was enclosed with the defense counsel's letter. At page 4 in his response, the plaintiff adds that he is raising new issues of fact and propounds a second discovery request, both of which are not clear and are not responsive to the defendant's motion for summary judgment.

## CONCLUSION

As set forth above and in the defendant's motion for summary judgment, the defendant is entitled to summary for judgment in the plaintiff's Title VII discrimination claim and on the plaintiff's procedural due process claim regarding the revocation of his medical privileges because the procedural due process he received was constitutionally adequate.

Also, the plaintiff's procedural due process claim as to his termination, should be dismissed for failure to state a claim.

Dated: August 30, 2010          RESPECTFULLY SUBMITTED,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:     *s/Karin D. Wherry*
Karin D. Wherry
Assistant United States Attorney
Florida Bar No. 509530
United States Attorney's Office
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Tele: 305-961-9016/Fax 305-530-7139
E-Mail: karin.wherry@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                           *s/Karin D. Wherry*
                           KARIN D. WHERRY
                           Assistant United States Attorney

## SERVICE LIST

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 09-23372-CV-HUCK

Tie Quian, M.D.
2516 Montclaire Cir.
Weston, FL 33327