November 6, 2007

From: Tie Qian, MD
10481 NW 48 st
Miami, Fl 33178

To: Paul D. Magalian
Acting Director, Miami VA Medical Center

Dear Mr. Magalian:

    I have sent letters of response twice (on 9/28/07 and 10/12/07) to respond to your written notice dated September 14, 2007 and the reports from Special Professional Standards Board (PSB)/Management Review dated September 6, 2007. On October 31, 2007, I received a package from VA with a cover letter from Mr. Brinkman dated October 26, 2007, along with a written report of Dr. Tolchin/Chair of the Management Review Board dated August 2, 2007 and additional medical records. Since I have discussed all major issues in the previous response letters, at this time, I am going to only focus on the new information I was provided.

1. The entire review process was very confusing and disorganized and was made more so by the additional information provided on October 31, 2007. Mr. Brinkman states in his letter dated October 26, 2007 "On April 25, 2007, the PSB recommended that a management review board be convened to complete a review of your medical record … …." In the Chief of Staff's written notice of intent signed by Dr. Vara and you on June 1, 2007, it states "a Special Professional Standard Board has been appointed to complete an administrative review… …" In your written notice of clinical privilege revocation dated September 14, 2007, you state "a Management Review Team appointed on August 15, 2007… … the Management Review Team recommended to the Professional Standard Board (PSB) revocation of your clinical privileges". Was Professional Standard Board (PSB) same as Special Professional Standard Board (PSB)? When was the PSB actually appointed? Was Management Review Team same as Management Review Board or different? Why the report of Dr. Tolchin/Chair of the Management Review Board dated August 2, 2007 before the Management Review Team was appointed on August 15, 2007? Please clarify. The review teams failed to follow the policies clearly documented in VHA DIRECTIVE and Medical Staff Bylaws & Rules and Regulation. The leaders and members of the review team including the Miami VA staff attorney have demonstrated their lack of knowledge regarding the basic rules and principles of the review process. The PSB/MEC made their recommendation to you without any of my input. The ignorance of the review teams has led you made your decision and signed the revocation notice on September 14, 2007. Ignorance is not an excuse for breaking the law and causing permanent damage to the innocent. Please provide a list of the names, occupations, and title of the members of the Special Professional Standards Board/Professional Standards Board, Management Review



Team/Board, and Medical Executive Council (MEC) for clarification.

2. The Medical Staff Bylaws & Rules and Regulation 2007, page 23, line 10, states *"The practitioner will be allowed to review all evidence not restricted by regulation or state upon which proposed changes are based. Following that review, the practitioner may respond in writing to the Chief of Staff's written notice of intent. The practitioner must submit a response within ten (10) workdays of the COS's written notice. If requested by the practitioner, the Chief of Staff may grant an extension for a brief period, normally not to exceed ten (10) workdays, except in extraordinary circumstances."*
I received the Chief of Staff's written notice of intent signed by Dr. Vara and you on June 1, 2007. From June to August, I contacted the COS office multiple times and sent an e-mail to Dr. Vara on August 16, 2007 to request "review all evidence not restricted by regulation or statute upon which proposed changes are based", but I was denied. The report of Dr. Tolchin/Chair of the Management Review Board dated August 2, 2007 was sent to me as important evidence on October 31, 2007, four month after the Chief of Staff's written notice of intent, six weeks after revocation of my clinical privilege and four weeks after termination of my employment. This is a direct violation of the Medical Staff Bylaws & Rules and Regulation.

3. According to the VHA DIRECTIVE 2004-054, page 9, line 11, *"concerns about quality management issues from members of leadership or service and/or department chiefs may be requested when specifically related to the provision of patient care by a provider under the charge of the executive. Each facility **must** establish a process for initiation of peer review based on executive concerns."*
VHA DIRECTIVE 2004-054, page 11, line 7 states *"Inviting the provider whose care is under review by the Peer Review Committee (only Level 2 and Level 3) to submit written comments on issues raised during the review process and to provide additional substantive documentation if a Level 2 or Level 3 is assigned following the initial review. When a Level 2 or Level 3 has been determined, providers **must** also be allowed, if they choose, to appear before the Peer Review Committee before a final committee decision is reached. The responsible Peer Review Committee official **must** fully document discussion held with a provider.*
Dr. Tolchin and the Management Review Board never invited me to the review process or allow me to submit written comments on issues raised during the review process. I never had a chance to appear before the Review Board. My requests to be part of the review process were denied multiple times. This is again a direct violation of VHA DIRECTIVE.

4. In regard to the report of Dr. Tolchin/Chair of the Management Review Board dated August 2, 2007. I have responded twice (on 9/28/07 and 10/12/07) to the reports from Special Professional Standards Board (PSB)/Management Review dated September 6, 2007. All the cases submitted by Dr. Alberto Martinez-Arizala and Dr. Karen Zachow were discussed in details in my previous letters. In the case that I was accused "fascification of medical record". The patient

denied that I examined him briefly on July 30, 2007 and July 31, 2007, simply because that he wanted to get Dr. Kemper to exam him. Although I do not want to call anybody a "racist", for a complete physical exam, why did he choose a part time Internal Medicine physician who works only 5 hours a week at VA to be his primary care physician over a full time physician who is double board certificated in Physical Medicine & Rehabilitation and Spinal Cord Injury Medicine.

5. The report of Dr. Tolchin/Chair of the Management Review Board dated August 2, 2007 slandered on me with false statement. Please provide evidence upon which the following statement was based "There is the feeling that the staff has a lack of confidence in Dr. Qian's clinical abilities. Further, his patient load has been limited to acute and non-complicated patients. In addition, it is felt that there has been a pattern of absence from the service either in the form of sick leave or lack of communication from the staff by being either unavailable or not answering pages." The truth is that most of the patients and staff trust me as a double board certificated physician. On September 25, 2007, twenty patients signed a petition to support me after knowing that my privilege was revoked and I was leaving the SCI service (see attachment). Regarding the patient assignment, I was assigned to take care of all the acute SCI patients because of my solid background and clinical experience and double board certificated in Physical Medicine & Rehabilitation and Spinal Cord Injury Medicine. Also because I was a full time staff physician and was always available to the acute SCI patients. It's a common sense that acute patients are usually complicated. How could a SCI patient be "acute" but yet "non-complicated"? Although I have two young children at home, I did not take sick leaves unless I had to. By the time my employment was terminated, there were still over 70 sick days left. I was the only full time physician in the SCI unit worked 8am to 4:30pm every day. The other physicians were either part time or got paid full time but only served the SCI unit part time because of their other interest. I was always available to the patients and staff and answered my pager religiously.

6. Special PSB/MEC made their recommendations before I was allowed to review all the evidence and make my response. You made your decision on September 12, 2007 based on incomplete information probably without even aware of the lack of any of my input. Mr. Magalian, although I have not had a chance to meet with you, I believe that you are an honest and fair person and people trust you as acting director of the Miami VA Medical Center. I am still young, have a family with two young children to support, and get a bright future ahead of me. Please review this letter and my letter of response on October 12, 2007 with all the attachment. Please reconsider your final decision and let me leave the VA with a clean record.

Thank you for your consideration.

Sincerely,

Tie Qian, M.D.