## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 09-23372-CV-HUCK/O'SULLIVAN

TIE QIAN

       **PLAINTIFF,**

v.

**ERIC K. SHINSEKI, SECRETARY,**
**DEPARTMENT OF VETERANS AFFAIRS,**

       **DEFENDANT.**

_____/

### DEFENDANT'S SUPPLEMENTAL BRIEFING

       The defendant,  Eric K. Shinseki, Secretary, Department of Veterans Affairs, by and through the undersigned Assistant United States Attorney, hereby submits the following in response to the court's order requiring supplemental briefing (DE39), as set forth below:

       1.      The plaintiff was employed in a temporary appointment status throughout his term at the Department of Veterans Affairs (VA) under 38 U.S.C. Section 7405 (A)(1).  Accordingly, the plaintiff was an "at will" employee who could be terminated at any time, for any reason. An at will employee has not property interest in his job.  In Davis v. Mobile Consortium of CETA, 857 F.2d 737, 741 (11th Cir. 1988), the Eleventh Circuit observed that, "[a]s employees subject to discharge at will, CETA (Comprehensive Employment and Training Act) participants had no property interest in their jobs."  See also Blanton v. Griel, 758 F.2d 1540, 1543 (11th Cir. 1985)("a state employee who may be discharged at will under state law does not have a property interest in his continued employment and is not entitled to the protection of due process").

In Hammond v. Department of Veterans Affairs, 2009 WL 2382539 (E.D. Mich.), the plaintiff had been hired by the Veterans Administration as a "temporary full time staff physician." Following plaintiff's termination, the plaintiff filed suit against the VA, alleging various forms of discrimination. The magistrate judge entered a report and recommendation that the defendant's motion for summary judgment be granted and that the plaintiff's case dismissed with prejudice. In response, the plaintiff objected and argued that the VA did not follow the process set forth in the Medical Staff Bylaws for physicians and that failure to follow those procedures was a violation of due process. 2009 WL 238259 at *4. The court recognized that it must first "determine whether a protected property interest exists; absent an interest, no right to due process is present." Id. at *9. The court relied upon Woods v. Milner, 955 F.2d 436 (6th Cir. 1992), where "the Sixth Circuit held that a physician employed by the VA in a 'temporary full-time' capacity did not have a property interest in continued employment, and therefore termination did not violate the Due Process Clause." Id. at *9. Recognizing that "Woods imposes an insurmountable obstacle to the plaintiff's success on his due process claim," the court found that "the plaintiff's due process claim fails as a matter of law." Id. at *9. The court entered summary judgment for the defendant and dismissed the complaint with prejudice.

As well, in Holtzman v. Kleinglass, 2004 WL 2370679 (D.Minn.), the plaintiff was a physician hired as a temporary employee under 38 U.S.C. § 7405 at the Minneapolis VA Medical Center. Following his termination at the VA, the plaintiff filed a motion for preliminary injunction. The plaintiff argued "that the VAMC violated its bylaws in failing to afford him an appropriate hearing process before reducing his clinical privileges and terminating his employment." Holtzman, 2004 WL 2370679 at *2. In resolving the motion, the court focused on the plaintiff's likelihood

for success on the merits. The court recognized that "[f]ederal law does not afford § 7405 employees due process rights before adverse actions are taken." Id. The court considered the plaintiff's claim under the Administrative Procedure Act (APA), 5 U.S.C. § 702 et.seq., which "provides judicial review to a person suffering a legal wrong because of agency action.  Under the APA, a plaintif must identify a substantive statute or regulation that the agency action transgressed." Id. at *2.  The court found that the VA bylaws cannot provide a basis for an APA claim. Id. Accordingly, the court denied the motion for emergency relief.

2.    By letter dated September 14, 2007, Larry Brinkman, Chief, Human Resources Management Service, advised plaintiff that pursuant to his excepted appointment as a physician under 38 U.S.C. § 7405 (a)(1), his employment was terminated effective September 28, 2007.  Mr. Brinkman also stated that the termination also constitutes revocation of his clinical privileges since the plaintiff no longer held an appointment at the VA. (Brinkman letter, Exh. A).  Indeed, the letter of termination was written consistent with the VA Handbook 5021/3 (June 1, 2005) no. 15, styled "Involuntary Separation of Employees Appointed Under 38 USC 7405(a)(1)(A)." (VA Handbook 5021/3, no. 15, Exh. B).

3.    Consistent with plaintiff's termination, on September 14, 2007, Paul Magalian, Acting Director, VA, wrote a letter to plaintiff notifying him that his clinical privileges were revoked immediately based upon a pattern of unacceptable clinical practice and professional conduct that was not remedied despite repeated episodes of formal counseling.  Magalian also explained a process by which the plaintiff would be provided an opportunity to review the evidence, request a hearing, and that thereafter a recommendation would be made to the director regarding his privileges and revocation, and that a finding would be reported to the National Practitioner Data Bank

3

(NPDB).[1] (Magalian letter, Exh. C).

4.      The Veterans Health Administration (VHA) Handbook 1100.19, March 6, 2001, provides at 6 (g) (3)(a) Revocation of Privileges (page 23 of 1100.19) that "[d]ismissal constitutes a revocation of privileges, whether or not there was a separate and distinct privileging action, and will be reported without further review or due process to the NPDB."  (VHA Handbook 1100.19, Exh. D).  Indeed, the Medical Staff Bylaws and Rules and Regulations 2007, Part V (Procedures), 2 (Dismissal of a Practitioner Due to Revocation of Privileges) subpart b (page 24) is the same language, to wit: "Dismissal constitutes a revocation of privileges, whether or not there was a separate and distinct privileging action, and will be reported without further review or due process to the NPDB." (Medical Staff Bylaws, Exh.E).

5.      Although termination of employment also constituted revocation of privileges, the VA proceeded to afford the plaintiff an opportunity to an evidentiary hearing during which time, as Magalian explained in his September 14, 2007 letter at p. 1 ¶ 6, the plaintiff had the right to be represented by counsel or other representative of his choice, and to cross-examine witnesses. Having received the complement of evidence and having responded to it in three separate letters (Exh. F, and Def. Reply DE 34), a hearing was held on February 22, 2008.  The plaintiff appeared with his counsel.  Following the hearing, Mary Berrocal, VA Medical Center Director, advised that revocation of plaintiff's privileges would be reported to the NPDB.  (Berrocal letter, Exh. G).  The VHA Handbook 1100.17 provides at 3. Authority, ¶ b (page 1), that the VHA facilities must file a report with the NPDB when adverse clinical privileges actions (e.g. restriction, suspension,

---

[1]The NPDB is a national clearinghouse designed to prevent incompetent doctors from simply moving to a new state that could not discover their prior poor performance.  Wahi v. Charleston Area Medical Center, Inc., 562 F.3d 599, FN 2 (4th Cir. 2009).

revocation ) taken against physicians are final and affect privileges for more than 30 days when the action is related to professional competence or professional conduct.  (VHA Handbook 1100.17, Exh. H).

6.     As to the court's inquiry presented in its order requiring supplemental briefing (DE 39) on the subject of the interface between the bylaws and the VHA, the 2007 Bylaws of the Medical Staff provides in its overview following the table of contents at unnumbered paragraph 4, "[t]hese Bylaws and the rules and regulations of the medical staff and governing body bylaws (e.g. Handbooks, Directives, Manuals, and Circulars) must not conflict.  These Bylaws do not create any rights or liabilities not otherwise provided for in the VHA regulations or Federal law and regulations." (Medical Staff Bylaws, Exh. E).

While the plaintiff had no property right in his employment, and arguably may not have had any in his privileges that were revoked at the same time as his termination, the VA proceeded to afford the plaintiff a hearing on February 22, 2008 to address the basis of the revocation of his privileges and whether same justified reporting to the NPDB.   If the plaintiff's termination is revocation of his privileges and the VA provided a hearing anyway, there is no harm in providing additional due process.  If, in an abundance of caution, as the defendant acknowledged in its motion for summary judgment, that the VA Bylaws provided the plaintiff with a property interest in his privileges, the VA afforded the plaintiff a hearing on February 22, 2008. Assuming arguendo that the plaintiff was entitled to a due process hearing, "the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process suficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994)(en banc).

No evidence exists to establish that an additional hearing would result in a different ruling. "Procedural due process does not guarantee a particular result." Schiavo ex rel Schindler v. Schiavo, 403 F.3d 1289, 1295 (11th Cir. 2005).[2]  The defendant deems the Medical Staff Bylaws, Section V.2.a.iii irrelevant to the instant case since this section is under the subject of "Dismissal of a Practitioner Due to Revocation of Privileges." (emphasis added).   Rather in instant case, the practitioner's privileges were revoked due to dismissal (termination).   The plaintiff has no basis for a due process violation.

Dated: September 10, 2010                    RESPECTFULLY SUBMITTED,

                                             WIDREDO A. FERRER
                                             UNITED STATES ATTORNEY

                              By:    s/Karin D. Wherry_____
                                     Karin D. Wherry
                                     Assistant United States Attorney
                                     Florida Bar No. 509530
                                     United States Attorney's Office
                                     99 N.E. 4th Street, Suite 300
                                     Miami, Florida 33132
                                     Tel: 305-961-9016/Fax 305-530-7139
                                     E-Mail: karin.wherry@usdoj.gov

---

[2]Since the entry of the court's order requiring supplemental briefing (DE 39), the defendant has filed copies of the documents requested.  Pursuant to the hearing on Tuesday, September 7, 2010, the defendant has attached only the documents referenced in the above discussion.

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 10, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List by U.S. Mail and Electronic Mail, and  in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> *s/Karin D. Wherry*
> KARIN D. WHERRY
> Assistant United States Attorney

**SERVICE LIST**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-23372-CV-HUCK**

Tie Quian, M.D.
2516 Montclaire Cir.
Weston, FL 33327